FILED BY _____ _____ D.C.
2001 JAN 24  PM 4: 29

CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6343-CR-ZLOCH

UNITED STATES OF AMERICA,

VS.

RICKY MOTEN,

Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Ricky Moten,** prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.   INTRODUCTION

On January 23, 2001, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community.   18 U.S.C. § 3142(f). Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779 F.2d

59

1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, **Ricky Moten,** committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community.  18 U.S.C. § 3142(e).  Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.   FINDINGS OF FACT

1.   The defendant is charged with conspiracy to distribute at least five (5) kilograms of cocaine, at least fifty (50) grams of cocaine base ("crack cocaine"), and marijuana and with possession with intent to distribute at least five (5) kilograms of cocaine and at least fifty (50) grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Therefore, the defendant is charged with crimes involving a narcotic

2

drug. 18 U.S.C. § 3142(g)(1).

2. The Court received credible evidence that the defendant committed the offenses with which he has been charged. On January 16, 2000, upon arriving from South Florida, Cadia Gritton was arrested at a South Carolina train station; she was carrying 7.6 pounds of marijuana. On March 2, 2000, Yvette Jenkins was arrested at the Hollywood (Florida) train station; she was carrying 5 kilograms of cocaine and 133 grams of crack cocaine. Although Gritton and Jenkins did not know one another, each cooperated with law enforcement authorities and reported that she had been working as a courier for co-defendant Mosi Grant, a narcotics supplier, and co-defendant Lindon Johnson, a narcotics distributor. Gritton and Jenkins further reported that Lindon Johnson, upon receiving a cocaine shipment, would convert the cocaine into crack cocaine. Johnson would then provide the crack cocaine to **Ricky Moten**, who would distribute the narcotics in South Carolina. Jenkins added that she had been **Moten**'s girlfriend and had rented a home in South Carolina for the use of both **Moten** and Johnson.

On December 13, 2000, **Ricky Moten** was arrested in North Carolina. After being advised of and waiving his Miranda rights, **Moten** told law enforcement authorities that from the fall of 1999 to February 2000 Lindon Johnson had been supplying him twice per week with between one (1) and three (3) ounces of crack cocaine. **Moten** further disclosed that during that same time period he had distributed the crack cocaine in Jasper County, South Carolina. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States

citizen, having been born in Hampton, South Carolina. He does not possess a passport and has not travelled outside the United States within the past two years.

The defendant advises that he has lived his entire life in North Carolina and South Carolina. He is single and has a nine year-old son who resides with his mother in South Carolina. The defendant's own mother and four siblings also reside in South Carolina; his father resides in Georgia.

The defendant reports that he has been employed with the Penzoil Motor Company in North Carolina and in South Carolina for the past several years. He currently earns approximately $1,600 per month. He possesses no assets of significant value.

The Pretrial Services Report reflects that the defendant has been arrested for the following offenses: possession with intent to distribute crack cocaine (1990); disorderly conduct (1992); entering premises after notice (1992); simple possession of marijuana/ violation of ABC law (1994); driving under suspension (1997); simple assault and battery (1999); and manufacturing and distribution of crack cocaine (2000). In addition, the Report reflects that the defendant was convicted in 1997 of driving under suspension; it does not show the dispositions of the other arrests. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The defendant here was involved in a conspiracy to distribute significant quantities of illegal narcotics, including crack cocaine. In addition, he has previous arrests for possession with intent to distribute crack cocaine (1990) and for manufacturing and distributing crack cocaine (2000). 18 U.S.C. § 3142(g)(4).

4

5. The Court specifically finds by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C. STATEMENT OF REASONS FOR DETENTION

1. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. The defendant has no emotional or legitimate financial ties to the Southern District of Florida. Given the significant period of incarceration that the defendant would face upon conviction, the undersigned does not believe that he would be likely to appear if released on bond prior to trial.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant has twice previously been arrested for crack cocaine offenses - possession with intent to distribute and manufacture and distribution. With respect to the instant Indictment, the defendant was implicated by two couriers in a conspiracy to distribute large quantities of illegal narcotics. Furthermore, the defendant acknowledged purchasing from a co-defendant and distributing significant quantities of crack cocaine in South Carolina over a period of several months. The defendant, therefore, does not appear to have been deterred or rehabilitated by virtue of his previous

5

encounters with the criminal justice system.

D.  DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Ricky Moten,** be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1.  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 23rd day of January, 2001.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable William J. Zloch
United States District Judge

Ana Jhones, Esquire
Bayside Plaza Suite 625
330 Biscayne Boulevard
Miami, Florida 33132-2225
Attorney for Defendant

Dana Washington, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services

7