IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 00-6343-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RICKY MOTEN,

        Defendant,

_____/

## DEFENDANT, RICKY MOTEN'S
## EXCEPTIONS TO PSI

COMES NOW the Defendant, RICKY MOTEN, by and through his undersigned counsel who pursuant to Rule 32(c)(3)(A) of the Federal rules of Criminal procedure, hereby files this, his Exceptions to the Pre-Sentence Investigation Report. The Exceptions are as follows:

### *Exceptions to the PSI*

### *Introduction*

There is only <u>one</u> exception to the Pre-Sentence Investigation Report (hereinafter referred to as "PSI") which affect the offense level calculation. However, it is anticipated that this exception shall be resolved prior to the sentencing proceedings. The remainder of the exceptions simply deal with the accuracy of the facts in the <u>Offense Conduct</u> portion of

the PSI and thus, in the interest of clarification they are being submitted, but will not affect the total base offense level calculations. The exceptions and/or clarifications are as follows:

### Objection # 1: As to Page 4 of the PSI, ¶ 5:

The Defendant had no knowledge of any marijuana being distributed in this case. Nor was he aware of Cadia Gritton's participation in the distribution of marijuana. He never bought, sold or otherwise distributed marijuana for any member of this conspiracy.

### Objection # 2: As to Page 6, of the PSI ¶ 11:

The Defendant while not certain did have some doubts about whether his girlfriend, Yvette Jenkins and lead Defendant Linden Johnson were carrying on a romantic relationship. In this paragraph the reference to "boyfriend", it is assumed refers to Mr. Johnson and <u>not</u> Mr. Moten. Mr. Moten was not involved in, nor did he have any knowledge of any "weed" deal.

### Objection # 3, As to Page 9, of the PSI ¶ 20:

The Defendant, most respectfully, would object to the portion in this paragraph wherein it attributes to him earnings in the amount of $ 10,000.00 per week. While Mr. Moten agrees that from approximately the Fall of 1999 until late Winter 2000 he sold crack cocaine that he obtained from the lead Defendant, Lindon Johnson, he objects to the characterization by co-defendant, former girlfriend, Yvette Jenkins, that he collected

Page 2

$ 10,000.00 per week of these earnings.

### Objection # 4, As to Page 13 and 14 of the PSI ¶'s  33 & 41:

The Defendant provided the Acceptance of Responsibility Statement to the United States Probation Office. However, it was provided after the initial version of the PSI was completed. Thus, it is anticipated that the PSI shall be revised to reflect a three point reduction under § 3E1.1.

## *CONCLUSION*

The role of the sentencing court is more important today than it has ever been. "The development of the guideline sentencing regime has not changed our view that, except to the extent specifically directed by statute, 'it is not the role of the an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence'" William v. United States, 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) citing to Solem v. Helm, 463 U.S. 277, 290, n.16, 103 S.Ct. 3001, 3009, n. 16, 77 L.Ed.2d 637 (1983). Indeed, Judge Weinstein, Senior District Judge from the Eastern District of New York, in an opinion he authored in United States v. Naugle, 879 F.Supp. 262 (E.D.N.Y. 1995) wrote as follows:

> "Under the present Guidelines system, only the district judge is in a position to put a human face on sentencing."

RICKY MOTEN is respectfully requesting that the court consider all the

Page 3

evidence in this case as well as Mr. Moten's history, especially as it relates to his work history and his family history when arriving at a sentence in this matter.

I HEREBY CERTIFY that a copy of the foregoing was furnished, by mail, to Dana O. Washington, Assistant US Attorney, ,500 East Broward Boulevard, 7th Floor, Fort Lauderdale FL 33301, and to Edward Cooley, United States Probation Officer, 299 East Broward Boulevard, Room 409, Fort Lauderdale FL 3330-1865, and to the Defendant, Ricky Moten, Reg #16488-058, FDC Miami, PO Box 019120, Miami, Florida, 33101-9120, this _____ day of June, 2001.

Respectfully submitted,

ANA M. JHONES
Attorney at Law
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, FL 33132
Telephone: (305) 374-4919 Dade
           (954) 537-5565 Broward
Fax      : (305) 374-3414 Dade Fax
           (954) 568-1870 Broward Fax

BY: _____

FOR: Ana M. Jhones
Florida Bar #771170

Page 4